FILED
04/17/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 3, 2018 at Jackson

## STATE OF TENNESSEE v. ARTURO CARDENAS, JR.

**Appeal from the Criminal Court for Davidson County**
**No. 2008-D-4177     Seth W. Norman, Judge**

_____

### No. M2017-01718-CCA-R3-CD

_____

Arturo Cardenas, Jr., filed a Tennessee Rule of Criminal Procedure 36.1 motion claiming that his sentence for a Class A felony drug offense was illegal because he was classified as a Range I standard offender but sentenced to serve his fifteen-year sentence at 100%. Finding that the Movant received the minimum mandatory sentence for a Class A felony drug offense committed in a drug free school zone, the trial court summarily dismissed the motion for failure to state a colorable claim. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

Arturo Cardenas, Jr., Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn Funk, District Attorney General; and Dan H. Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2008, the Movant, Arturo Cardenas, Jr., was indicted in Count 1 for knowingly "possess[ing] with intent to deliver three hundred (300) pounds (316,050 grams) or more of a substance containing marijuana, a Schedule VI controlled substance within 1,000 feet of the grounds of a child care agency and a public elementary school, in violation of Tennessee Code Annotated § 39-17-417," a Class A felony.[1] The Movant was convicted

_____

[1]The Movant was also indicted on six counts of money laundering in violation of Tennessee Code Annotated section 39-14-903. The record does not contain judgments for those counts and there was no

by a Davidson County jury of the offense charged in Count 1 of the indictment. According to the judgment of conviction, the Movant was sentenced as a Range I standard offender to fifteen years. The box before "violent 100%" is checked.

On July 14, 2017, the Movant filed a pro se "Motion for Correction of Illegal Sentence" pursuant to Tennessee Rules of Criminal Procedure 36.1. The Movant claimed that "his illegal sentence which has him classified as a standard, violent offender with a release eligibility of one-hundred percent . . . is in direct contravention of the express provision of Tenn. Code Ann. §§ 40-6-106 and 39-17-417[.]" In his supporting affidavit, the Movant averred:

> that by the trial court increasing his felony classification to a "Class A" and by requiring service of the entire minimum sentence upon conviction for possession of three hundred (300) pound[s] of marijuana, a schedule VI controlled substance within 1,000 feet of a school (Trevec[c]a Nazarene University) is illegal where the Tennessee Drug Free School Zone Act according to evidence and Tenn. Code Ann. [§] 39-17-432(b) did not apply based on the language of the statute.

The affidavit also claimed that the warehouse in which the marijuana was located was more than 1,000 feet from Trevecca Nazarene University, that the Movant "was not responsible for possession" of the marijuana, and that the affidavit of complaint, which Movant claimed was not notarized, "did not evolve into an arrest warrant and was insufficient to commence the prosecution."

On July 19, 2017, the trial court filed a written order summarily dismissing the motion after finding that the Movant received "the minimum mandatory sentence per T.C.A. [§] 39-17-417 and T.C.A. [§]39-17-432," that the sentence was not illegal, and that the motion failed to state a colorable claim. The order recognized "that there was a clerical error on the judgment form" and that "[a]lthough the [Movant]'s sentence is to be served at 100%, it is not a violent offense as indicated on the judgment form." The trial court ordered that a corrected judgment "be entered forthwith in accordance with this order."

The corrected judgment provided that the Movant was sentenced as a standard offender to fifteen years. The number "15" was written in the blank after "Mandatory Minimum Sentence Length" and "39-17-417" was circled. "Drug Free School Zone. 15 yr @ 100%." was handwritten in the "Special Conditions" box.

---

direct appeal filed by the Movant. We will only address the legality of the sentence for the Class A felony drug offense.

On August 29, 2017, the Movant filed a pro se Notice of Appeal "from the final judgment entered in this action on the 19th day of July, 2017."

*Analysis*

Although not raised by either party, initially we note that the Notice of Appeal was not "filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). However, we determine that the Notice of Appeal, which the Movant attempted to file with the trial court clerk but was returned to the Movant, was then filed with the appellate court clerk within the twenty "additional days" allowed under the "Transitional Provision" of Tenn. R. App. P. 4(a) and is therefore timely.

Tennessee Rule of Criminal Procedure 36.1 allows a defendant or the State to seek correction of an illegal sentence. Tenn. R. Crim. P. 36.1. Under Rule 36.1, a colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Whether the Movant's Rule 36.1 motion states a colorable claim is a question of law that we review de novo. *Id.* at 589.

The supreme court has divided sentencing errors "into three categories—clerical errors, appealable errors, and fatal errors." *Id.* at 595; *see also Cantrell v. Easterling*, 346 S.W.3d 445, 449-52 (Tenn. 2011). "Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document[.]'" *Wooden,* 478 S.W.3d at 595 (quoting *Cantrell*, 346 S.W.3d at 452). Appealable errors are those "for which the Sentencing Act specifically provides a right of direct appeal. *Id.* (quoting *Cantrell*, 346 S.W.3d at 449). Fatal errors are "so profound as to render the sentence illegal and void." *Id.* (quoting *Cantrell*, 346 S.W.3d at 452).

Fatal Errors

Only fatal sentencing errors render a sentence illegal and may be corrected by a Rule 36.1 motion. *Wooden*, 478 S.W.3d at 595 (citing *Cantrell*, 346 S.W.3d at 452). The imposition of a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute" is a fatal sentencing error. Tenn. R. Crim. P. 36.1(a)(2).

The Movant erroneously claims that he was convicted of a Class B felony but punished for a Class A felony pursuant to Tennessee Code Annotated section 39-17-432(b)(1). In this case, the Movant was convicted of possessing more than 300 pounds of

marijuana with the intent to deliver in a drug-free school zone. Knowingly possessing a controlled substance with the intent to deliver is a criminal offense. Tenn. Code Ann. § 39-17-417(a)(4) (2008). Marijuana is a Schedule VI controlled substance. Tenn. Code Ann. § 39-17-415(1) (2008). Knowingly possessing "[t]hree hundred pounds (300 lbs.) (136,050 grams) or more of any substance containing marijuana" with the intent to deliver is a Class A felony. Tenn. Code Ann. § 39-17-417(j)(13)(A) (2008); *State v. Joshua Meeks*, No. M2008-00556-CCA-R3-CD, 2009 WL 1748927, at \*16 (Tenn. Crim. App. June 22, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009). The sentencing range for a Range I standard offender convicted of a Class A felony is not less than fifteen nor more than twenty-five years. Tenn. Code Ann. § 40-35-111(b)(1), -112(a)(1) (2009). The stated intent of Tennessee Code Annotated section 39-17-432 was "to create drug-free zones for the purpose of providing vulnerable persons in this state an environment" free from "the distractions and dangers that are incident to the occurrence of illegal drug activities" and to provide "enhanced and mandatory minimum sentences . . . for drug offenses occurring in a drug-free  zone[.]" Tenn. Code Ann. § 39-17-432(a) (2008). A drug-free zone is defined as "the grounds or facilities of any school or within one thousand feet (1,000') of the real property that comprises a public or private elementary school, middle school, secondary school, preschool, child care agency, or public library, recreational center or park[.]" Tenn. Code Ann. § 39-17-432(b)(1) (2008).

Tennessee Code Annotated section 39-17-432(c) provides:

*Notwithstanding any other provision of law* or the sentence imposed by the court *to the contrary*, a defendant sentenced for a violation of subsection (b) *shall be required to serve at least the minimum sentence for the defendant's appropriate range of sentence. Any sentence reduction credits the defendant may be eligible for or earn shall not operate to permit or allow the release of the defendant prior to full service of the minimum sentence.*

Tenn. Code Ann. § 39-17-423(c) (emphasis added).

The Movant was convicted of a Class A felony listed under Tennessee Code Annotated section 39-17-417(j). Section 39-17-432(b)(1), which punishes defendants for violations within the drug-free zone by sentencing the defendant "one classification higher" than is provided in statute, only applies to convictions under section 39-17-417(b) – (i), not to Class A felonies listed in section 39-17-417(j). The Movant was sentenced to the minimum sentence authorized by the applicable statute for a Range I standard offender convicted of a Class A felony — fifteen years. Tennessee Code Annotated section 39-17-432(c) required the Movant to fully serve the fifteen-year minimum sentence without sentence reduction credits. The sentence did not directly

contrave an applicable statute and was not illegal. The Movant has not established that the judgment contained a fatal error, and he is not entitled to relief on this ground.

## Clerical Errors

The original judgment contained a clerical error designating the offense as violent rather than a drug-free school zone offense. After the trial court ordered correction of that clerical error, a corrected judgment was entered showing that the Movant was convicted of a Class A felony within "Drug Free School Zone" and was sentenced to fifteen years to be served at 100%. The Movant's argument that the judgment became final thirty days after entry and that the trial court lost jurisdiction to change the judgment is without merit as it relates to a clerical error. Clerical errors "may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *Wooden*, 478 S.W.3d at 595. The Movant is not entitled to relief under Rule 36.1 for a clerical error.

## Appealable Errors

The Movant's claim in his Rule 36.1 motion that the offense for which he was convicted "occurred more than 1,000 feet from Trevecca Nazarene University" and that the Movant was not in possession of the marijuana. Such claims challenge the sufficiency of the evidence supporting the conviction and could have been raised on direct appeal. Tenn. R. App. P. 3(b). Claims that relate to alleged errors in the underlying conviction and not to the legality of sentence imposed are not colorable claims under Rule 36.1. *Cantrell v. Easterling*, 346 S.W.3d 445, 455-56 (Tenn. 2011); *see also State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014), *prem. app. denied* (Tenn. Nov. 19, 2014) (Rule 36.1 "provide[s] an avenue for correcting allegedly illegal sentences [and] does not provide an avenue for seeking the reversal of convictions.").

## *Conclusion*

The Rule 36.1 motion failed to state a colorable claim. We affirm the trial court's summary dismissal of the motion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE